IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Z.F.1 and Z.F.2, minors,                        :
by their parent and natural guardian,           :       CIVIL ACTION
VERNON BROADUS                                   :
1618 Anin Street                                :
Philadelphia, PA 19146                          :       No.        17      4821

        Plaintiffs,                         :

     v.                                        :

BETHANNA                                         :
2147 Manton Street                              :
Philadelphia, PA 19146                          :

and                                             :

WAYNE and ROSELLA KEENY (h/w)                    :
965 East Main Street                            :
New Holland, PA 17557                           :

and                                             :

DEFENDER ASSOCIATION OF PHILADELPHIA             :
1441 Sansom Street                              :
Philadelphia, PA 19110                           :

and                                             :

ROGER KIMBER, JR., M.D.                          :
Meadow Creek Family Practice                     :
584 Springville Road                            :
New Holland, PA 17557                           :

and                                             :

WELSH MOUNTAIN HEALTH CENTERS                    :
d/b/a MEADOW CREEK FAMILY PRACTICE               :
584 Springville Road                            :
New Holland, PA 17557                           :

        Defendants.                         :

A TRUE COPY CERTIFIED TO FROM THE RECORD
DATED: OCT 27 2017
ATTEST: Steve Tomas
DEPUTY CLERK, UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

**NOTICE OF REMOVAL**

Under 42 U.S.C. § 233, the United States of America, on behalf of federal

defendants Roger Kimber, Jr., M.D. and Welsh Mountain Health Centers d/b/a

Meadow Creek Family Practice, files this notice of removal of this consolidated civil

action to the United States District Court for the Eastern District of Pennsylvania.

In support, the United States avers as follows:

1.  On July 27, 2017, plaintiffs Z.F.1 and Z.F.2, minors, by their parent and natural guardian Vernon Broadus, initiated Case No. 170702958, via Complaint, in the Court of Common Pleas of Philadelphia County, First Judicial District of Pennsylvania, Civil Trial Division, naming as defendants: Bethanna, Rosella Keeny, Wayne Keeny, Defender Association of Philadelphia, Roger Kimber, Jr., M.D., and Welsh Mountain Health Centers d/b/a Meadow Creek Family Practice. *See* Complaint in Case No. 170702958 (Exhibit 1).

2.  On October 13, 2017, the Court of Common Pleas consolidated Case No. 170702958 with two prior-filed cases, Nos. 160602534 and 160602576, previously filed by plaintiffs Z.F.1 and Z.F.2, respectively, both of which named as defendants only Bethanna, Rosella Keeny, and Wayne Keeny. Those cases did not name as defendants either the Defender Association of Philadelphia, or the federal defendants, Roger Kimber, Jr., M.D. and Welsh Mountain Health Centers d/b/a Meadow Creek Family Practice. The Court of Common Pleas consolidated all three matters for purposes of discovery and trial. *See* Order of Consolidation (Exhibit 2).

3.  As noted above, among others, Case No. 170702958, names Roger Kimber, Jr., M.D. and Welsh Mountain Health Centers d/b/a Meadow Creek Family Practice, as defendants. *See* Exhibit 1.

4.  By operation of the Federally Supported Health Centers Act of 1992 and 1995, 42 U.S.C. § 233, named defendants Roger Kimber, Jr., M.D. and Welsh Mountain Health Centers d/b/a Meadow Creek Family Practice, are deemed federal employees or agencies of the United States, and therefore covered by certain procedures of Federal Tort Claims Act, which provides the exclusive remedy for state-law tort actions brought against individuals or entities deemed to be federal employees acting within the scope of their employment. *See* 42 U.S.C. §§ 233(a), 233(g).

2

5.     The Federally Supported Health Centers Act of 1992 and 1995 further incorporates certain provisions of the Federal Tort Claims Act, under which claims against the United States for state-law tort actions, brought against individuals or entities deemed to be federal employees acting within the scope of their employment, may only be brought in federal district court. *See* 42 U.S.C. §§ 233(a), 233(c); 28 U.S.C. § 1346. Therefore, this action must be removed to federal district court. *See id.*

6.     A certified copy of this Notice of Removal will be filed in the Office of Judicial Support for the Court of Common Pleas, and sent to all parties.

7.     No bond is required as this notice is filed by the United States. *See* 42 U.S.C. § 233(c).

8.     Removal of this action is timely under 42 U.S.C. § 233(c), which provides that a civil action of this nature may be removed at any time before trial.

WHEREFORE, the United States respectfully submits this notice of removal of this action.

Respectfully submitted,

LOUIS D. LAPPEN
Acting United States Attorney

*/s/ Margaret L. Hutchinson*
MARGARET L. HUTCHINSON
Assistant United States Attorney
Chief, Civil Division

*/s/ Mark J. Sherer*
MARK J. SHERER
VERONICA J. FINKELSTEIN
Assistant United States Attorneys
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106
Tel: (215) 861-8445/8598
Fax: (215) 861-8618
mark.sherer@usdoj.gov
veronica.finkelstein@usdoj.gov

Dated: October 27, 2017

3

# CERTIFICATE OF SERVICE

I certify that on this date, I filed the foregoing Notice of Removal with the Court

and served a copy by U.S. Mail, postage prepaid, on the following:

Emily B. Marks, Esquire
KLINE & SPECTER P.C.
1525 Locust Street
Philadelphia, PA 19102

*Counsel for Plaintiffs*

Michael J. Doyle, Esquire
POST & SCHELL, P.C.
Four Penn Center, 13th Floor
1600 JFK Blvd.
Philadelphia, PA 19103

*Counsel for Defender Association
of Philadelphia*

William L. Banton, Esquire
MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN, P.C.
2000 Market Street, Suite 2300
Philadelphia, PA 19103

*Counsel for Bethanna*

Matthew D. Menges, Esquire
TRINITY LAW
145 East Market Street
York, PA 17401

*Counsel for Wayne and Rosella Keeny*

Dated: October 27, 2017

*/s/ Mark J. Sherer*
MARK J. SHERER
Assistant United States Attorney

# Exhibit 1

**KLINE & SPECTER, P.C.**
BY:    NADEEM A. BEZAR, ESQUIRE
         EMILY B. MARKS, ESQUIRE
         KYLE B. NOCHO, ESQUIRE
         ID No. 63577/204405/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

Attorneys for Minor-Plaintiffs

Filed and Attested by the
Office of Judicial Records
27 JUL 2017 11:41 pm
E. BRYANT

| | |
|---|---|
| Z.F.1 and Z.F.2, minors, | : |
| by their parent and natural guardian, | : |
| VERNON BROADUS | : |
| 1618 Annin Street | : |
| Philadelphia, PA 19146 | : |
| | : |
|      Plaintiffs | : |
|       v. | : |
| | : |
| BETHANNA | : |
| 2147 Manton Street | : |
| Philadelphia, PA 19146 | : |
| | : |
| AND | : |
| | : |
| WAYNE AND ROSELLA KEENY (h/w) | : |
| 965 E. Main St. | : |
| New Holland, PA 17557 | : |
| | : |
| AND | : |
| | : |
| DEFENDER ASSOCIATION OF | : |
| PHILADELPHIA | : |
| 1441 Samson St. | : |
| Philadelphia, PA 19102 | : |
| | : |
| AND | : |
| | : |
| ROGER KIMBER JR., M.D. | : |
| Meadow Creek Family Practice | : |
| 584 Springville Road | : |
| New Holland PA 17557 | : |
| | : |
| AND | : |
| | : |

PHILADELPHIA COUNTY
COURT OF COMMON PLEAS

CIVIL TRIAL DIVISION
JULY TERM, 2017
NO.:

Case ID: 170702958

WELSH MOUNTAIN HEALTH          :
CENTERS d/b/a                  :
MEADOW CREEK FAMILY PRACTICE   :
435 S. Kinzer Avenue, Suite 6  :
New Holland, PA 17557          :
                               :
                    Defendants :

## NOTICE TO DEFEND

| NOTICE | ADVISO |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you. | Le han demandado en corte. Si usted quiere defenderse contra las demandas nombradas en las paginas siguientes, tiene viente (20) dias a partir de recibir esta demanda y notificacion para entablar personalmente o por un abogado una comparecencia escrita y tambien para entablar con la corte en forma escrita sus defensas y objeciones a las demandas contra usted. Sea advisado que si usted no se defiende, el caso puede continuar sin usted y la corte puede incorporar un juicio contra usted sin previo aviso para conseguir el dinero demandado en el pleito o para conseguir cualquier otra demanda o alivio solicitados por el demandante. Usted puede perder dinero o propiedad u otros derechos importantes para usted. |
| YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER (OR CANNOT AFFORD ONE), GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP. | USTED DEBE LLEVAR ESTE DOCUMENTO A SU ABOGADO INMEDIATAMENTE. SI USTED NO TIENE ABOGADO (O NO TIENE DINERO SUFICIENTE PARA PAGAR A UN ABOGADO), VAYA EN PERSONA O LLAME POR TELEFONO LA OFICINA NOMBRADA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASSISTENCIA LEGAL. ESTA OFICINA PUEDE PROPORCIONARLE LA INFORMACION SOBRE CONTRATAR A UN ABOGADO. |
| THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER. | |
| IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE. | SI USTED NO TIENE DINERO SUFICIENTE PARA PAGAR A UN ABOGADO, ESTA OFICINA PUEDE PROPORCIONARLE INFORMACION SOBRE AGENCIAS QUE OFRECEN SERVICIOS LEGALES A PERSONAS QUE CUMPLEN LOS REQUISITOS PARA UN HONORARIO REDUCIDO O NINGUN HONORARIO. |
| LAWYERS REFERENCE SERVICE One Reading Center Philadelphia, PA  19107 (215) 238-6333, TTY(215) 451-6197 | SERVICIO de REFERENCIA LEGAL Uno Reading Centro Filadelfia, PA  19107 Telefono: (215) 238-6333, TTY(215) 451-6197 |

Case ID: 170702958

**KLINE & SPECTER, P.C.**
BY:    NADEEM A. BEZAR, ESQUIRE
       EMILY B. MARKS, ESQUIRE
       KYLE B. NOCHO, ESQUIRE
       ID No. 63577/204405/319270
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

Attorneys for Minor-Plaintiffs

---

| | |
|---|---|
| Z.F.1 and Z.F.2, minors, : | |
| by their parent and natural guardian, : | PHILADELPHIA COUNTY |
| VERNON BROADUS : | COURT OF COMMON PLEAS |
| 1618 Annin Street : | |
| Philadelphia, PA 19146 : | CIVIL TRIAL DIVISION |
| : | JULY TERM, 2017 |
| Plaintiffs : | NO.: |
| v. : | |
| : | |
| BETHANNA : | |
| 2147 Manton Street : | |
| Philadelphia, PA 19146 : | |
| : | |
| AND : | |
| : | |
| WAYNE AND ROSELLA KEENY (h/w) : | |
| 965 E. Main St. : | |
| New Holland, PA 17557 : | |
| : | |
| AND : | |
| : | |
| DEFENDER ASSOCIATION OF : | |
| PHILADELPHIA : | |
| 1441 Samson St. : | |
| Philadelphia, PA 19102 : | |
| : | |
| AND : | |
| : | |
| ROGER KIMBER JR., M.D. : | |
| Meadow Creek Family Practice : | |
| 584 Springville Road : | |
| New Holland PA 17557 : | |
| : | |
| AND : | |

Case ID: 170702958

WELSH MOUNTAIN HEALTH     :
CENTERS d/b/a     :
MEADOW CREEK FAMILY PRACTICE  :
435 S. Kinzer Avenue, Suite 6     :
New Holland, PA 17557     :
    :
           Defendants    :

## COMPLAINT

### PARTIES

1.    Minor-Plaintiff, Z.F.1 (DOB: 3/20/10) is a 7 year-old girl who is a citizen of, and resides in, the Commonwealth of Pennsylvania and who can be contacted through her counsel, Nadeem A. Bezar, Esquire, Emily B. Marks, Esquire, or Kyle B. Nocho, Esquire, at Kline & Specter, P.C., 1525 Locust Street, Philadelphia, PA 19102. Minor-Plaintiff, Z.F.1 was the victim of physical and sexual abuse described more fully herein.

2.    Minor-Plaintiff, Z.F.2 (DOB: 3/20/10) is a 7 year-old boy who is a citizen of, and resides in, the Commonwealth of Pennsylvania and who can be contacted through his counsel, Nadeem A. Bezar, Esquire, Emily B. Marks, Esquire, or Kyle B. Nocho, Esquire, at Kline & Specter, P.C., 1525 Locust Street, Philadelphia, PA 19102. Minor-Plaintiff, Z.F.2 was the victim of physical and sexual abuse described more fully herein.

3.    Plaintiff Vernon Broadus is a citizen of and currently resides in the Commonwealth of Pennsylvania at 1618 Anin Street, Philadelphia, PA 19146. Mr. Broadus is the father of Minor-Plaintiffs Z.F.1 and Z.F.2.

4.    Defendant Bethanna is a non-profit 501(c) (3) corporation existing under and by virtue of the laws of the Commonwealth of Pennsylvania with a principal business office located at 2147 Manton Street, Philadelphia, PA 19146. Defendant Bethanna regularly conducts business in Pennsylvania and Philadelphia County.

5.      At all material times hereto, Defendant Bethanna was acting by and through its employees, agents and/or servants, including but not limited to caseworkers, social workers, therapists, counselors and foster care parents, to provide foster care services to Minor-Plaintiffs Z.F.1 and Z.F.2.  Accordingly, Defendant Bethanna is liable for the acts and/or omissions of its employees, agents and/or servants, including but not limited to caseworkers, social workers, therapists, counselors and foster care parents, which occurred in the course of providing foster care services to Minor-Plaintiffs Z.F.1 and Z.F.2 under theories of agency, master-servant, respondeat superior and/or right of control.

6.      There may be other employees or agents of Defendant Bethanna and with responsibilities for the care and safety of Minor-Plaintiffs Z.F.1 and Z.F.2 whose actions and/or omissions contributed to the injuries and damages suffered by Minor-Plaintiffs Z.F.1 and Z.F.2. The identities of such persons will be discerned through discovery and such persons will be joined as defendants, if and when appropriate.

7.      Defendants Wayne and Rosella Keeny (h/w) (also referred to as the "Keenys" hereinafter) are citizens of and reside in the Commonwealth of Pennsylvania at 965 E. Main Street, New Holland, PA 17557.

8.      Defendant Defender Association of Philadelphia (hereinafter referred to as "Defender Association") is a corporation existing under and by virtue of the laws of the Commonwealth of Pennsylvania, with a place of business at 1441 Samson Street, Philadelphia, PA 19102.  Minor-Plaintiffs Z.F.1. and Z.F.2 are asserting a professional liability claim against Defendant.  A certificate of merit as to this defendant is attached, as Exhibit "A".

9.      At all relevant times, Defendant Defender Association acted through its employees, agents, servants and ostensible agents, including but not limited to child advocates,

Case ID: 170702958

attorneys, social workers, and investigators, all acting within the course and scope of their agency.

10.     At all relevant times, the attorneys handling Minor-Plaintiffs Z.F.1 and Z.F.2's cases were the employees, servants, agents and/or ostensible agents of Defender Association, and at all pertinent times were acting within the course and scope of their agency/employment.

11.     At all relevant times to this claim, the attorneys handling Minor-Plaintiffs Z.F.1 and Z.F.2's case were engaged in the practice of law and were obliged to bring to bear in practice of their profession the professional skills, knowledge and care which they possessed, and to pursue their profession in accordance with the applicable standards of care.

12.     Defendant, Roger Kimber MD, is a physician duly licensed to practice medicine in the Commonwealth of Pennsylvania with offices located at 584 Springville Road, New Holland, PA 17557.  Minor-Plaintiff Z.F.1 is asserting a professional liability claim against this Defendant.  A Certificate of Merit as to this Defendant is attached, as Exhibit "B".

13.     Defendant, Welsh Mountain Health Centers d/b/a Meadow Creek Family Practice (hereinafter referred to as "Meadow Creek") is a corporation existing under and by virtue of the laws of the Commonwealth of Pennsylvania, which owns and operates a health care facility, with its principal place of business at 435 S. Kinzer Avenue, Suite 6, New Holland, PA 17557. Minor-Plaintiff Z.F.1 is asserting a professional liability claim against this Defendant.  A Certificate of Merit as to this Defendant is attached, as Exhibit "C".

14.     At all times relevant hereto, Defendant Roger Kimber, M.D. was the agent, ostensible agent, servant and/or employee of Defendant Meadow Creek, acting at all times in the course and scope of his employment and/or agency, while providing care to Minor-Plaintiff Z.F.1 during the time at issue, referenced in the instant Complaint.

15.     At all times relevant hereto, Defendant Meadow Creek operated through its agents, ostensible agents, servants, and/or employees including Defendant Roger Kimber, M.D., nurses, interns, resident physicians, fellows, and social workers, all acting within the course and scope of their employment and/or agency while providing care to Minor-Plaintiff Z.F.1. during the time at issue, referenced in the instant Complaint.

## STATEMENT OF FACTS

16.     Paragraphs 1 through 15 are hereby incorporated by reference as if fully set forth herein at length.

17.     The City of Philadelphia established the Department of Human Services, Children and Youth Division (hereinafter referred to as "DHS") to, *inter alia,* protect Philadelphia children from abuse, neglect and delinquency; provide services in partnership with community organizations to strengthen the overall well-being of Philadelphia; and develop and implement policies and programs to provide children services.

18.     Under the Child Protective Services Law, 23 Pa. C.S.A. § 6301, *et. seq.,* DHS may purchase and utilize the services of any public or private agency, such as Defendant Bethanna to provide foster care services to children who are adjudicated dependent.

19.     At all material times hereto, Defendant Bethanna had a contract with DHS to provide foster care services to Minor-Plaintiffs Z.F.1 and Z.F.2.

20.     At all material times hereto, Defendant Bethanna required to comply with Title 55 Chapter 3700 of the Pennsylvania Code and the Child Protective Services Law 23 Pa. C.S. § 6301 et. seq. when providing services for Minor-Plaintiffs Z.F.1 and Z.F.2.

21.     On April 29, 2011, the City of Philadelphia Department of Human Services obtained an Order of Protective Custody for Minor-Plaintiffs Z.F.1 and Z.F.2.

Case ID: 170702958

22.     On April 29, 2011 Defendant Bethanna undertook to provide foster care services to Minor-Plaintiff's Z.F.1 and Z.F.2.

23.     Lawyers from the Defender Association's Child Advocate Unit were assigned to represent the interests of Minor-Plaintiffs Z.F.1 and Z.F.2 and were present at Minor-Plaintiffs' dependency hearings before the Court.

24.     On approximately August 24, 2011 Defendant Bethanna placed Z.F.1 and Z.F.2 in the foster home of Defendants Rosella and Wayne Keeny.

25.     On December 20, 2012, Minor-Plaintiff Z.F.1 had a medical appointment with Defendant Roger Kimber, M.D. at Defendant Meadow Creek Family Practice for stomach problems.

26.     Minor-Plaintiff Z.F.1 was noted to have been experiencing stomach aches for the past five (5) to six (6) weeks with worsening intensity and often had a pinched look on her face.

27.     Minor-Plaintiff Z.F.1 was also complaining over several months that it hurt to urinate.

28.     Dr. Kimber's differential diagnosis included lactose intolerance, intermittent volvulus, uti and sexual abuse.

29.     In his notes memorializing the visit, Dr. Kimber wrote that "there is a suspicion of sexual and other abuse."

30.     Dr. Kimber recommended Zanasia be asked about inappropriate touching.

31.     Dr. Kimber, however, did not investigate his suspicions further or report his concerns to ChildLine or law enforcement.

32.     In approximately December 2013, Vernon Broadus learned that he was Z.F.1 and Z.F.2's father.

33.     At the following dependency court hearing on January 18, 2014, Vernon Broadus was permitted to begin bi-weekly visitation with his children, Minor-Plaintiffs Z.F.1 and Z.F.2.

34.     During visitation, Vernon Broadus noticed that at times Z.F.1 acted in an overtly sexual manner and would inappropriately lift up her dress.

35.     During visitation, Minor-Plaintiffs Z.F.1 and Z.F.2 disclosed to Vernon Broadus they were being physically disciplined by the Keenys and that Z.F.1 was being made to sit on the floor with her underwear down in front of Wayne Keeny.

36.     Vernon Broadus informed representatives from Defendant Bethanna and Defendant Defender Association that Minor-Plaintiffs Z.F.1 and Z.F.2 were reporting that the Keenys were hitting them and making Z.F.1 sit on the floor with her underwear down in front of Wayne Keeny.

37.     Representatives from Defendant Bethanna and Defendant Defender Association ignored Mr. Broadus' concerns about Z.F.1 and Z.F.2's disclosures regarding the Keenys' foster home.

38.     On May 29, 2014, during a dependency court proceeding for Minor-Plaintiffs, Vernon Broadus again raised his concerns about the Keenys hitting and mistreating his children.

39.     The proceeding included testimony about Minor-Plaintiffs' disclosures of being physically disciplined and spanked by the Keenys and that Z.F.1 was forced to sit on the floor in front of Wayne Keeny without underwear.

40.     Bethanna caseworker Katie Herrmann testified that the Keenys only physically discipline their two year-old biological child living in the home, not Minor-Plaintiffs Z.F.1 and Z.F.2.

41.     Vernon Broadus continued to raise his concerns that his children, Minor-Plaintiffs Z.F.1 and Z.F.2, were being physically disciplined, spanked and forced to sit on the floor in front of Wayne Keeny without any underwear.

42.     During a telephone conversation in July 2014 with Bethanna caseworker, Katie Herrmann, Vernon Broadus stated he did not feel comfortable with Minor-Plaintiff's Z.F.1 and Z.F.2 living with the Keenys and that the Minor-Plaintiffs appeared to be afraid of the Keenys.

43.     Again, in a dependency court hearing on November 11, 2014, the concerns of Vernon Broadus that his children were being physically abused were raised.

44.     Yet, the Defender Association Child Advocate objected to any further testimony about possible mistreatment or abuse in the Keenys' home, arguing that the matter was already addressed at a previous hearing.

45.     The attempts of Vernon Broadus to alert caseworkers and the child advocate attorney about the disclosures made by his children Minor-Plaintiffs Z.F.1 and Z.F.2 went ignored.

46.     Finally, in May of 2015, Bethanna supervisor Rudwinea Powell met with Vernon Broadus who described how his children Minor-Plaintiffs Z.F.1 and Z.F.2 told him that the Keenys were spanking them, forcing them to eat food off the floor, and forcing Z.F.1 to sit on the floor in front of Wayne Keeny without wearing any underwear.

47.     After the discussion between Rudwinea Powell and Vernon Broadus, Bethanna caseworker Marissa Morris visited the Keeny's home to investigate the report of abuse made by Minor-Plaintiffs Z.F.1 and Z.F.2 to their father Vernon Broadus.

48.     Minor-Plaintiffs Z.F.1 and Z.F.2 disclosed to Marissa Morris that the Keenys were hitting them.

49.     Defendants Rosella and Wayne Keeny admitted to Marissa Morris to physically disciplining and hitting Minor-Plaintiffs Z.F.1 and Z.F.2.

50.     After Defendants Rosella and Wayne Keeny admitted to physically disciplining and hitting Minor-Plaintiff Z.F.1 and Z.F.2, Defendant Bethanna removed Minor-Plaintiffs Z.F.1 and Z.F.2 from the Keeny's foster home in May 2015 and placed them in the foster home of Samantha and Aiden Stiger.

51.     The City of Philadelphia Department of Human Services (DHS) conducted an investigation of Minor-Plaintiffs' disclosures that the Keenys were hitting them and physically disciplining them, after Minor-Plaintiffs Z.F.1 and Z.F.2 were removed from the Keeny's foster home.

52.     DHS determined that the reports were valid and DHS found that the Keenys did hit Minor-Plaintiffs Z.F.1 and Z.F.2.

53.     While in the Keeny's foster home, both Z.F.1 and Z.F.2 had issues with urinary incontinence and Minor-Plaintiff Z.F.1 had to wear pull-ups.

54.     There were also reports that Minor-Plaintiff Z.F.1 had killed or injured at least two animals, she was aggressive toward her brother, Z.F.2, and that Z.F.1 showed little or no remorse or sympathy.

55.     In November 2015, Mrs. Stiger reported an incident where Minor-Plaintiffs Z.F.1 and Z.F.2 had engaged in inappropriate sexualized behavior with other children in the foster home and that Minor-Plaintiff Z.F.2 told the other children "it's our little secret."

56.     Minor-Plaintiff Z.F.1 disclosed to Ms. Stiger that Mr. Keeny would say "it's our little secret" when "he spanked her, put his finger in her ear and when he put his finger up inside her hard and hurt her."

57.     Minor-Plaintiff Z.F.1 reported that Wayne Keeny would take her down to the basement and would put his fingers in her vagina and buttocks.

58.     Minor-Plaintiff Z.F.1 reported that when Wayne Keeny touched her, he would say, "I do not like you."

59.     Minor-Plaintiff Z.F.2 reported that Wayne Kenny would touch his bottom.

60.     Minor-Plaintiff Z.F.1 reported Wayne Keeny would watch videos of men and show the video to her and her brother.

61.     Minor-Plaintiffs Z.F.1 and Z.F.2 reported that Rosella Keeny would touch their bottoms.

62.     Both Minor-Plaintiffs Z.F.1 and Z.F. 2 reported that Wayne and Rossella Keeny would hit them with pieces of wood and an open hand on their buttocks causing pain.

63.     Minor-Plaintiff Z.F.1 and Z.F.2 described the pain caused by Wayne and Rosella Keeny as pain that lasted all day.

64.     Minor-Plaintiff Z.F.1 reported that the Keenys embarrassed and humiliated her.

65.     The Pennsylvania Department of Human Services investigated reports of physical and sexual abuse, and Defendants Rosella and Wayne Kenny were determined to be indicated perpetrators of child abuse under the Pennsylvania Child Protective Services Law 21 Pa. C.S. § 6301 et seq. for the abuse of Minor-Plaintiff Z.F.1 and Z.F.2. .

66.     At all material times hereto, Minor-Plaintiffs Z.F.1 and Z.F.2 were less than sixteen (16) years of age and could not, at any time, voluntarily consent to any of the sexual acts perpetrated on them.

67.     Minor-Plaintiffs were removed from the Stiger's foster home and placed by Defendant Bethanna in the foster home of Carol Hoover.

68.     Minor-Plaintiff Z.F.1 disclosed to her sexual abuse therapist at the YWCA Lancaster that Carol Hoover was dumping water on her and her brother's head as a form of punishment

69.     Minor-Plaintiff Z.F.1 and Z.F.2 were removed from the Hoover foster home.

70.     DHS conducted an investigation of Minor-Plaintiff Z.F.1's report that Carol Hoover was dumping water on Z.F.1 and Z.F.2 as a form of punishment.

71.     DHS determined that the report was Valid with respect to Carol Hoover dumping water on Z.F.1 and Z.F.2.

72.     In December 2016, Vernon Broadus obtained physical and legal custody of his children, Z.F.1 and Z.F.2.

## COUNT I – NEGLIGENCE

## MINOR-PLAINTIFFS Z.F.1 AND Z.F.2 v. DEFENDANT BETHANNA

73.     Paragraphs 1 through 72 are hereby incorporated by reference as if fully set forth herein at length.

74.     The negligence of Defendant Bethanna, individually and by and through its employees, servants, and agents, acting as caseworkers, social workers, therapists, counselors and foster care parents consisted of the following:

a.     Failing to properly investigate and evaluate the fitness of the foster home of Rosella and Wayne Keeny;

b.     Negligently approving Rosella and Wayne Keeny as foster parents;

c.     Failing to maintain adequate supervision and inspection of the foster home of Rosella and Wayne Keeny during the period of Minor-Plaintiff, Z.F.1 and Z.F.2's placement in the home;

d.     Failing to properly train, manage, and supervise their employees as to the appropriate policies to be followed in providing foster care services;

e.  Failing to properly monitor and/or supervise the actions of any subordinate employees or agents of Defendant Bethanna for whom they bear supervisory responsibilities and whose actions or inactions contributed to the harms suffered by Minor-Plaintiffs Z.F.1 and Z.F.2;

f.  Failure to identify and act upon circumstances indicating a risk of harm and abuse to the Minor-Plaintiffs Z.F.1 and Z.F.2, while they resided in the foster home of Rosella and Wayne Keeny;

g.  Failing to take timely action to remove Minor-Plaintiffs Z.F.1 and Z.F.2 from the foster home of Rosella and Wayne Keeny in a timely manner;

h.  Failing to properly visit and inspect the foster home of Rosella and Wayne Keeney during Minor-Plaintiffs Z.F.1 and Z.F.2's placement;

i.  Failing to take immediate steps to remedy the inappropriateness of Minor-Plaintiffs Z.F.1 and Z.F.2's placement in the foster home of Rosella and Wayne Keeny;

j.  Failing to evaluate Minor-Plaintiffs Z.F.1 and Z.F.2's physical and mental well being while in Rosella and Wayne Keenys home;

k.  Failing to prevent Minor-Plaintiffs Z.F.1 and Z.F.2 from suffering grievous and permanent physical, emotional, and psychological injuries;

l.  Violating the principles of the Restatement (Second) of Torts § 323;

m.  Failing to train employees, agents, and/or servants to identify and act upon signs of child abuse;

n.  Failing to identify and act upon signs of child abuse.

75.  But for the acts and omissions of Defendant Bethanna and its employees and/or agents, including but not limited to caseworkers, social workers, therapists, foster care parents and counselors, Minor-Plaintiffs Z.F.1 and Z.F.2 would not have been physically abused and sexually molested in the foster home of Defendants Rosella and Wayne Keeny.

76.  The aforementioned incidents were caused solely and exclusively by the negligence of Defendant Bethanna by and through their employees, servants and/or agents and

Defendants Rosella and Wayne Keeny and in no manner was it due to any act or failure to act on the part of the Minor-Plaintiffs Z.F.1 and Z.F.2.

77.     As a direct result of Defendant Bethanna's negligence, Minor-Plaintiffs Z.F.1 and Z.F.2 suffered severe physical pain and mental anguish, which they have and will endure for the rest of their life.

78.     As a direct result of Defendant Bethanna's negligence, Minor-Plaintiffs Z.F.1 and Z.F.2 have in the past and will in the future suffer a loss in the enjoyment of life.

79.     As a direct result of Defendant Bethanna's negligence, Minor-Plaintiffs Z.F.1 and Z.F.2 have in the past and will in the future suffer otherwise unnecessary medical and psychological treatment, medical costs and other costs.

80.     As a direct result of Defendant Bethanna's negligence, Minor-Plaintiffs Z.F.1 and Z.F.2 have in the past and will in the future suffer embarrassment, humiliation, shame, and fear.

81.     As a direct result of Defendant Bethanna's negligence, Minor-Plaintiffs Z.F.1 and Z.F.2 suffered an impairment of their earning capacity.

**WHEREFORE,** Minor-Plaintiffs Z.F.1 and Z.F.2 demand judgment in their favor and against Defendant Bethanna and demands compensatory damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

### COUNT II – ASSAULT AND BATTERY

### MINOR-PLAINTIFFS Z.F.1 AND Z.F.2 v. DEFENDANTS ROSELLA AND WAYNE KEENY

82.     Paragraphs 1 through 81 are hereby incorporated by reference as if fully set forth herein at length.

Case ID: 170702958

83.     Defendants Rosella and Wayne Keeny physically and sexually assaulted Minor-Plaintiffs Z.F.1 and Z.F.2 during the time they resided in their foster home.

84.     The aforementioned conduct of Defendants Rosella and Wayne Keeny constitutes assault and battery.

85.     As a direct result of Defendants Rosella and Wayne Keeny's conduct as set forth in this Complaint, Minor-Plaintiffs Z.F.1 and Z.F.2 suffered severe and painful physical and mental injuries, which they have and will endure for the rest of their life.

86.     As a direct and proximate result of Defendants Rosella and Wayne Keeny's conduct, Minor-Plaintiffs Z.F.1 and Z.F.2 have in the past and will in the future suffer medical and psychological treatment, medical costs and other costs.

87.     As a direct result of Defendants Rosella and Wayne Keeny's conduct, Minor-Plaintiffs Z.F.1 and Z.F.2 have in the past and will in the future suffer embarrassment, humiliation, shame and fear.

88.     As a direct result of Defendants Rosella and Wayne Keeny's conduct, Minor-Plaintiffs Z.F.1 and Z.F.2 suffered an impairment of their earning capacity.

**WHEREFORE**, Minor-Plaintiffs demand judgment in their favor and against Defendants Rosella and Wayne Keeny and demand compensatory damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

## COUNT III – PROFESSIONAL NEGLIGENCE

### MINOR-PLAINTIFFS Z.F.1 AND Z.F.2 V. DEFENDER ASSOCIATION OF PHILADELPHIA

89.   Paragraphs 1 through 88 are hereby incorporated by reference as if fully set forth herein at length.

90.   The negligence of the Defendant Defender Association, through its employees, servants, agents, and ostensible agents, including but not limited to child advocates, attorneys, social workers, and investigators, consisted of the following:

    a.   Failure to properly monitor the services provided by Bethanna on Minor-Plaintiffs Z.F.1 and Z.F.2's behalf;

    b.   Failure to object to Minor-Plaintiffs Z.F.1 and Z.F.2's placement in the Keeny foster home;

    c.   Failure to investigate the appropriateness of Minor-Plaintiffs Z.F.1 and Z.F.2's placement in the Kenny foster home;

    d.   Failure to protect their clients' legal rights with respect to Bethanna's supervision of Minor-Plaintiffs Z.F.1 and Z.F.2;

    e.   Failure to represent Minor-Plaintiffs Z.F.1 and Z.F.2 as zealous advocates;

    f.   Failure to investigate independently the assertions of Bethanna that the Keeny foster home was an appropriate placement for Minor-Plaintiffs Z.F.1 and Z.F.2;

    g.   Failure to properly visit and inspect the Keeny foster home during Minor-Plaintiffs Z.F.1 and Z.F.2's placement;

    h.   Failure to evaluate Minor-Plaintiffs Z.F.1 and Z.F.2's physical and mental well being while in the Keeny foster home;

    i.   Failure to request updates from Bethanna about Minor-Plaintiffs Z.F.1 and Z.F.2's placement in the Keeny foster home.

    j.   Failure to train employees, agents, and/or servants to identify and act upon signs of child abuse;

    k. Failure to identify and act upon circumstances indicating a risk of harm and abuse to Minor-Plaintiffs Z.F.1 and Z.F.2 while they resided in the Keeny foster home;

    l. Failure to bring to the Court's attention the physical and sexual abuse suffered by Minor-Plaintiffs Z.F.1 and Z.F.2's while placed in the Keeny foster home;

    m. Failure to take action to remove Minor-Plaintiffs Z.F.1 and Z.F.2 from the Keeny foster home; and

    n. Failure to prevent Minor-Plaintiffs Z.F.1 and Z.F.2 from suffering grievous and permanent physical, emotional, and psychological injuries.

91.    Defendant Defender Association by and through its employees, servants, agents, and/or ostensible agents failed to monitor, investigate, and/or object to Minor-Plaintiffs Z.F.1 and Z.F.2's placement in the Keeny foster home.

92.    Defendant Defender Association knew or should have known about the emotional, physical, and sexual abuse suffered by Minor-Plaintiffs Z.F.1 and Z.F.2 in the Keeny foster home. Minor-Plaintiffs Z.F.1 and Z.F.2 would not have suffered emotional, physical, and sexual abuse, if Defendant Defender Association had objected to Minor-Plaintiffs' placement in the Keeny foster home or independently investigated the appropriateness of the Keeny foster home during Minor-Plaintiffs' placement in the Keeny foster home.

93.    By failing to properly monitor, investigate, and object to Minor-Plaintiffs Z.F.1 and Z.F.2's placement in the Keeny foster home, Defendant Defender Association caused Minor-Plaintiffs to sustain permanent and serious injury.

94.    As a direct result of Defendant's negligent conduct, Minor-Plaintiffs Z.F.1 and Z.F.2 suffered severe and painful physical and mental injuries, which they have and will endure for the rest of their life, including sexual assault, intense pain and suffering, anguish, inconvenience, embarrassment and humiliation, damage to reputation, physical injuries, and loss of life pleasures. They will have to expend substantial monies for their care and treatment,

including periodic medical monitoring for psychological injuries and will lose substantial

earning power and earning capacity over the period of their life.

    **WHEREFORE,** Minor-Plaintiffs demand judgment in their favor and against Defendant

Defender Association of Philadelphia and demand compensatory damages in excess of Fifty

Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-

judgment delay.

**COUNT IV – NEGLIGENCE**

**MINOR-PLAINTIFF Z.F.1 V. ROGER KIMBER, M.D.**

95.    Paragraphs 1 through 94 are hereby incorporated by reference as if fully set forth

herein at length.

96.    The negligent conduct of Defendant Roger Kimber MD, his agents, ostensible

agents, servants, and/or employees consisted of the following:

    o.   Failing to obtain a complete and accurate social history of Minor-Plaintiff Z.F.1 during the December 10, 2012 medical appointment;

    p.   Failing to properly examine, assess, monitor, and evaluate Minor-Plaintiff Z.F.1 during the December 10, 2012 medical appointment;

    q.   Failing to order and obtain a social work consultation for Minor-Plaintiff Z.F.1 during the December 10, 2012 medical appointment, despite Minor-Plaintiff Z.F.1 exhibiting dysuria and stomach pains;

    r.   Failing to order and obtain a social work consultation for Minor-Plaintiff Z.F.1 during the December 10, 2012 medical appointment, despite concerns of sexual abuse;

    s.   Failing to contact ChildLine or law enforcement after having concerns of sexual abuse during Minor-Plaintiff Z.F.1's medical appointment on the December 10, 2012;

    t.   Failing to report suspected abuse as a mandatory reporter to ChildLine 23 Pa. C.S.A.. § 6311;

    u.  Inappropriately increasing Minor-Plaintiff Z.F.1's risk of profound physical and psychological injury;

    v.  Failing to minimize the risk and/or prevent Minor-Plaintiff Z.F.1's risk of profound physical and psychological injury;

    w.  Failing to recognize and act upon signs and symptoms of child abuse; and

    x.  Causing permanent and irreversible injuries and damages to Minor-Plaintiffs Z.F.1;

97.    As a result of the negligence of Defendant Roger Kimber, M.D., his agents, ostensible agents, servants, and/or employees, Minor-Plaintiffs Z.F.1 and Z.F.2 were caused to suffer emotional, physical, and sexual abuse in the Keeny foster home as previously set forth herein.

98.    The negligence of Defendant Roger Kimber MD was a substantial factor in causing the severe and permanent injuries suffered by Minor-Plaintiffs Z.F.1 and Z.F.2.

99.    The negligence of Defendant Roger Kimber, M.D. increased the risk of harm to Minor-Plaintiffs Z.F.1.

**WHEREFORE**, Minor-Plaintiff Z.F.1 demands judgment in her favor and against Defendant Roger Kimber, M.D. and demand compensatory damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

**COUNT V – NEGLIGENCE**

**MINOR-PLAINTIFFS Z.F.1 V. MEADOW CREEK FAMILY PRACTICE**

100.    Paragraphs 1 through 99 are hereby incorporated by reference as if fully set forth herein at length.

101.    Defendant Meadow Creek is liable for the negligent conduct of its agents, ostensible agents, servants, and/or employees including, but not limited to, Defendant Roger

Kimber, M.D. nurses, interns, resident physicians, fellows, and social workers, pursuant to

principles of agency, vicarious liability and/or respondeat superior.

102.    The negligence of Defendant Meadow Creek through Defendant Roger Kimber,

M.D., nurses, interns, resident physicians, fellows, and social workers consists of one or more of

the following:

y.  Failing to obtain a complete and accurate social history of Minor-Plaintiff Z.F.1
    during the December 10, 2012 medical appointment;

z.  Failing to properly examine, assess, monitor, and evaluate Minor-Plaintiff Z.F.1
    during the December 10, 2012 medical appointment;

aa. Failing to order and obtain a social work consultation for Minor-Plaintiff Z.F.1
    during the December 10, 2012 medical appointment, despite Minor-Plaintiff Z.F.1
    exhibiting dysuria and stomach pains;

bb. Failing to order and obtain a social work consultation for Minor-Plaintiff Z.F.1
    during the December 10, 2012 medical appointment, despite concerns of sexual
    abuse;

cc. Failing to contact ChildLine or law enforcement after having concerns of sexual
    abuse during Minor-Plaintiff Z.F.1's medical appointment on the December 10,
    2012;

dd. Failing to report suspected abuse as a mandatory reporter to ChildLine in
    violation of 23 Pa. Cons. Stat. Ann. § 6311;

ee. Inappropriately increasing Minor-Plaintiff Z.F.1's risk of profound physical and
    psychological injury;

ff. Failing to minimize the risk and/or prevent Minor-Plaintiff Z.F.1's risk of
    profound physical and psychological injury;

gg. Failing to recognize and act upon signs and symptoms of child abuse; and

hh. Causing permanent and irreversible injuries and damages to Minor-Plaintiffs
    Z.F.1 and Z.F.2.

103.    As a direct and proximate result of the negligent acts and/or omissions of Defendant Meadow Creek, Minor-Plaintiff Z.F.1 was caused to suffer emotional, physical, and sexual abuse in the Keeny foster home as previously set forth herein.

104.    The negligence of Defendant Meadow Creek was a substantial factor in causing the severe and permanent injuries suffered by Minor-Plaintiffs Z.F.1.

105.    The negligence of Defendant Meadow Creek increased the risk of harm to Minor-Plaintiffs Z.F.1.

**WHEREFORE,** Minor-Plaintiff Z.F.1 demands judgment in her favor and against Defendant Meadow Creek Family Practice and demand compensatory damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

**KLINE & SPECTER, P.C.**

BY: _____
NADEEM A. BEZAR, ESQUIRE
EMILY B. MARKS, ESQUIRE
KYLE B. NOCHO, ESQUIRE
*Attorneys for Minor-Plaintiffs*

## VERIFICATION

I, Vernon Broadus, hereby state that I am the parent and natural guardian of Z.F.1,

Minor-Plaintiff in the within matter, and as such verify that the statements made in the foregoing

Complaint are true and correct to the best of my knowledge, information and belief.

The undersigned understands that the statements herein are made subject to the penalties

of 18 Pa. C.S. 4904 relating to unsworn falsification to authorities.


_____
VERNON BROADUS

## VERIFICATION

I, Vernon Broadus, hereby state that I am the parent and natural guardian of Z.F.2, Minor-Plaintiff in the within matter, and as such verify that the statements made in the foregoing Complaint are true and correct to the best of my knowledge, information and belief.

The undersigned understands that the statements herein are made subject to the penalties of 18 Pa. C.S. 4904 relating to unsworn falsification to authorities.


_Vernon Broadus_
VERNON BROADUS

# EXHIBIT A

Case ID: 17070295

**KLINE & SPECTER, P.C.**                     Attorneys for Minor-Plaintiffs
BY:    NADEEM A. BEZAR, ESQUIRE
         EMILY B. MARKS, ESQUIRE
         ID No. 63577/204405
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

| | | |
|---|---|---|
| Z.F.1 and Z.F.2, minors, | : | PHILADELPHIA COUNTY |
| by their parent and natural guardian, | : | COURT OF COMMON PLEAS |
| VERNON BROADUS | : | |
| | : | CIVIL TRIAL DIVISION |
| v. | : | JUNE TERM, 2017 |
| | : | NO.: |
| BETHANNA, | : | |
| ROSELLA KEENY and WAYNE KEENY | : | |
| (h/w), DEFENDER ASSOCIATION OF | : | |
|  PHILADELPHIA, | : | |
| ROGER KIMBER JR., M.D., WELSH | : | |
| MOUNTAIN HEALTH CENTERS d/b/a | : | |
| MEADOW CREEK FAMILY PRACTICE | : | |

## CERTIFICATE OF MERIT

**CERTIFICATE OF MERIT AS TO:** *DEFENDER ASSOCIATION OF PHILADELPHIA*
*Name of Defendant*

I, Emily B. Marks, Esquire, certify that:

☑    an appropriate licensed professional has supplied a written statement to the
undersigned that there is a basis to conclude that the care, skill or
knowledge exercised or exhibited by this defendant in the treatment,
practice or work that is the subject of the complaint, fell outside
acceptable professional standards and that such conduct was a cause in
bringing about the harm;

**AND/OR**

☑    the claim that this defendant deviated from an acceptable professional
standard is based solely on allegations that other licensed professionals for
whom this defendant is responsible deviated from an acceptable
professional standard and an appropriate licensed professional has
supplied a written statement to the undersigned that there is a basis to
conclude that the care, skill or knowledge exercised or exhibited by the
other licensed professionals in the treatment, practice or work that is the
subject of the complaint, fell outside the acceptable professional standards
and that such conduct was a cause in bringing about the harm;

**OR**

☐    expert testimony of an appropriate licensed professional is unnecessary for
prosecution of the claim against this defendant.

Nadeem A. Bezar, Esquire
Emily B. Marks, Esquire
Attorney for Minor-Plaintiffs

Case ID: 170702958

# EXHIBIT B

Case ID: 170702958

**KLINE & SPECTER, P.C.**                    Attorneys for Minor-Plaintiffs
BY:    NADEEM A. BEZAR, ESQUIRE
        EMILY B. MARKS, ESQUIRE
        ID No. 63577/204405
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

| | | |
|---|---|---|
| Z.F.1 and Z.F.2, minors, | : | PHILADELPHIA COUNTY |
| by their parent and natural guardian, | : | COURT OF COMMON PLEAS |
| VERNON BROADUS | : | |
| | : | CIVIL TRIAL DIVISION |
| v. | : | JUNE TERM, 2017 |
| | : | NO.: |
| BETHANNA, | : | |
| ROSELLA KEENY and WAYNE KEENY | : | |
| (h/w), DEFENDER ASSOCIATION OF | : | |
| PHILADELPHIA, | : | |
| ROGER KIMBER JR., M.D., WELSH | : | |
| MOUNTAIN HEALTH CENTERS d/b/a | : | |
| MEADOW CREEK FAMILY PRACTICE | : | |

## CERTIFICATE OF MERIT

**CERTIFICATE OF MERIT AS TO:** *ROGER KIMBER JR., M.D.*
                                        *Name of Defendant*

I, Emily B. Marks, Esquire, certify that:

☑    an appropriate licensed professional has supplied a written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by this defendant in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm;

**AND/OR**

☑    the claim that this defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard and an appropriate licensed professional has supplied a written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by the other licensed professionals in the treatment, practice or work that is the subject of the complaint, fell outside the acceptable professional standards and that such conduct was a cause in bringing about the harm;

**OR**

☐    expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim against this defendant.


Nadeem A. Bezar, Esquire
Emily B. Marks, Esquire
Attorney for Minor-Plaintiffs

Case ID: 170702958

# EXHIBIT C

Case ID: 170702958

**KLINE & SPECTER, P.C.**
BY:   NADEEM A. BEZAR, ESQUIRE
       EMILY B. MARKS, ESQUIRE
       ID No. 63577/204405
1525 Locust Street
Philadelphia, Pennsylvania 19102
(215) 772-1000

Attorneys for Minor-Plaintiffs

| | | |
|---|---|---|
| Z.F.1 and Z.F.2, minors, | : | PHILADELPHIA COUNTY |
| by their parent and natural guardian, | : | COURT OF COMMON PLEAS |
| VERNON BROADUS | : | |
| | : | CIVIL TRIAL DIVISION |
| v. | : | JUNE TERM, 2017 |
| | : | NO.: |
| BETHANNA, | : | |
| ROSELLA KEENY and WAYNE KEENY | : | |
| (h/w), DEFENDER ASSOCIATION OF | : | |
| PHILADELPHIA, | : | |
| ROGER KIMBER JR., M.D., WELSH | : | |
| MOUNTAIN HEALTH CENTERS d/b/a | : | |
| MEADOW CREEK FAMILY PRACTICE | : | |

## CERTIFICATE OF MERIT

**CERTIFICATE OF MERIT AS TO:** *WELSH MOUNTAIN HEALTH CENTERS d/b/a*
*MEADOW CREEK FAMILY PRACTICE*
*Name of Defendant*

I, Emily B. Marks, Esquire, certify that:

☑     an appropriate licensed professional has supplied a written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by this defendant in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm;

**AND/OR**

☑     the claim that this defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard and an appropriate licensed professional has supplied a written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by the other licensed professionals in the treatment, practice or work that is the subject of the complaint, fell outside the acceptable professional standards and that such conduct was a cause in bringing about the harm;

**OR**

☐     expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim against this defendant.

Nadeem A. Bezar, Esquire
Emily B. Marks, Esquire
Attorney for Minor-Plaintiffs

Case ID: 17070295

# Exhibit 2

# IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
## FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
### CIVIL TRIAL DIVISION

|  |  |
|---|---|
| Z.F.1, a minor,<br>by her parent and natural guardian,<br>VERNON BROADUS<br>*Plaintiff*<br>v.<br>BETHANNA, ROSELLA KEENY and<br>WAYNE KEENY<br>*Defendants* | June Term, 2016<br>Case No: ~~160602534~~<br>160602576<br>Control No: 17081772 |
| Z.F.1, a minor,<br>by her parent and natural guardian,<br>VERNON BROADUS<br>*Plaintiff*<br>v.<br>BETHANNA, ROSELLA KEENY and<br>WAYNE KEENY<br>*Defendant* | June Term, 2017<br>Case No: 160602534 |
| Z.F.1 and Z.F.2, minors,<br>by their parent and natural guardian,<br>VERNON BROADUS<br>*Plaintiff*<br>v.<br>BETHANNA, ROSELLA KEENY and<br>WAYNE KEENY (h/w), DEFENDER<br>ASSOCIATION OF PHILADELPHIA,<br>ROGER KIMBER JR., M.D., WELSH<br>MOUNTAIN HEALTH CENTERS<br>d/b/a MEADOW CREEK FAMILY PRACTICE<br>*Defendants* | July Term, 2017<br>Case No: 170702958 |

F.1 Etal Vs Bethanna Et-ORDER

17070295800029

## ORDER

**AND NOW**, this 13th day of October, 2017, upon consideration of Minor-Plaintiff's

Motion to Consolidate, and any response thereto, it is hereby **ORDERED** and **DECREED** that

COPIES SENT PURSUANT TO Pa.R.C.P. 236(b)  N. ERICKSON  10/17/2017

the Motion is **GRANTED.** The above-captioned cases are hereby consolidated for purposes of discovery and/or trial under <u>Z.F.1, a minor, by her parent and natural guardian, Vernon Broadus vs Bethana, et al</u>, Case No. 160602534. The parties are granted leave to file Motions for Extraordinary Relief, should they deem such motions necessary in light of this Court's order.

**BY THE COURT**:

DENIS P. COHEN, J.